**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 07-20090-02-KHV** |
| **TONY WASHINGTON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER**

This matter is before the Court on defendant's letter (Doc. #178) filed February 27, 2009, which the Court construes as a motion for judgment of acquittal, and defendant's letter (Doc. #179) filed March 16, 2009, which the Court construes as a supplemental motion for judgment of acquittal. For reasons stated below, the Court overrules both motions.

Under Rule 29(c) of the Federal Rules of Criminal Procedure, defendant must file a motion for judgment of acquittal "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." The rule contains no exception. United States v. Stevens, 978 F.2d 565, 569 (10th Cir. 1992). The jury returned a guilty verdict and the Court discharged the jury on January 23, 2009. Because defendant filed his Rule 29(c) motion after the seven-day period and not within any court-authorized extension, the Court overrules his motion for judgment of acquittal as untimely.[1]

See id.; United States v. Bertram, No. 07-cr-010-JHP, 2007 WL 3407352, at *1 (E.D. Okla. Nov. 8,

---

[1] In any event, the Court declines to consider the merits of defendant's motion because he filed it *pro se* while he is represented by counsel. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider *pro se* motion when defendant represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if defendant represented by counsel, court does not accept *pro se* filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

2007); United States v. Patterson, No. 04-cr-705-1, 2007 WL 1438658, at *8 (N.D. Ill. May 15, 2007).[2]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #178) filed February 27, 2009, which the Court construes as a motion for judgment of acquittal, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #179) filed March 16, 2009, which the Court construes as a supplemental motion for judgment of acquittal, be and hereby is **OVERRULED**.

Dated this 7th day of April, 2009 at Kansas City, Kansas.

>   s/ Kathryn H. Vratil
>   KATHRYN H. VRATIL
>   United States District Judge

---

[2] The time limit is not jurisdictional, but it is an "inflexible claim processing rule" which mandates that the Court deny a motion if the government does not waive or forfeit the timeliness objection. Eberhart v. United States, 546 U.S. 12, 19 (2005); see Patterson, 2007 WL 1438658, at *1.