**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 07-20090-02-KHV** |
| **TONY WASHINGTON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On July 28, 2009, the Court sentenced defendant to 300 months in prison. This matter is before the Court on defendant's letter (Doc. #338) filed February 11, 2015, which the Court construes as a pro se motion to reduce sentence under Amendment 782 and 18 U.S.C. § 3582(c)(2).[1] For reasons stated below, the Court sustains in part defendant's motion.

Initially, the Court notes that a hearing is not required to impose a reduced sentence under Section 3582(c)(2). See U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing); Fed. R. Crim. P. 43(b)(4) (defendant need not be present when proceeding involves reduction under Section 3582(c)).

Unless a defendant's original sentencing range was lowered pursuant to a government motion to reflect substantial assistance to authorities, the Court may not impose a reduced sentence below the low end of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A); see 18 U.S.C. § 3582(c)(2) (reduction must be consistent with applicable policy statements issued by Sentencing

---

[1] After defendant filed his motion, the Federal Public Defender entered an appearance for him and filed a supplemental brief in support of his motion. See Memorandum In Support Of Motion To Reduce Sentence (Doc. #344) filed March 30, 2015. The government has filed a response. See Response To Defendant's Motion To Reduce Sentence (Doc. #348) filed April 23, 2015. Defendant has not filed a reply.

Commission); see also U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing).  Based on a total offense level 39, criminal history category I, defendant's original guideline range was 262 to 327 months in prison.  The parties agree that Amendment 782 lowered defendant's base offense by two levels.  Based on a total offense level 37, criminal history category I, the amended guideline range is 210 to 262 months in prison.  Defendant asks the Court to sentence him to the low end of the amended guideline range while the government asks for a sentence in the middle of the amended range.

In determining whether a sentence reduction is warranted and the extent of any reduction, the Court considers the factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10.  In particular, the Court must consider Section 3553(a) sentencing factors including the nature, seriousness and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety.  United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012).  While not mandatory, the Court may also consider a defendant's post-sentencing conduct.  Osborn, 679 F.3d at 1195; see United States v. Meridyth, 573 F. App'x 791, 794 (10th Cir. 2014); U.S.S.G. § 1B1.10 cmt. n. 1(B).

In imposing a mid-range sentence at the original sentencing, the Court stated as follows:

> Well, I do think that a sentence at the midrange of the applicable guideline range would be appropriate here.  This was an extensive drug conspiracy.  You utilized numerous individuals to help you distribute narcotics and protect your drug business.  You possessed guns.  And even though I haven't enhance[d] you for the letter which you sent to Mr. Coleman, I mean, there's no way that I can construe that except an effort on your part to make sure that he didn't testify against you and to influence his testimony to falsely deny his own responsibility.
>
> . . .
>
> When we're trying to figure out what sentence is appropriate, we start with the sentencing guidelines.  Even though they're not binding, they are important in helping us to determine relative degrees of culpability in any kind of conspiracy or offense that involves multiple individuals and they also help us promote uniformity

> in sentencing by taking into account various aggravating and mitigating factors.
>
> I don't know if you're aware of sentences that other people in this case received, but I believe Steve Logan received 292 months in prison, Carlton Coleman received 108, Carol Boyce received 110, Robert Hardridge received 78. And I think given your lack of acceptance of responsibility and your relative degree of culpability, the guidelines are appropriate in suggesting a much higher sentence for you.
>
> That said, the Court is required to give you a sentence under Section 3553(a) which is sufficient but not greater than necessary to meet all of the objectives of the federal sentencing law. Those include imposing a sentence which provides just punishment for your offense and one which promotes respect for the law and reflects the seriousness of the crimes which you've committed. Looking at all of the factors under the statute, it seems to me that [300 months] would be an appropriate sentence.

Transcript Of Sentencing (Doc. #254) at 58-60.

Defendant argues that the Court should impose an amended sentence at the low end of the amended guidelines range because he has been a model prisoner and has maintained strong family ties. The Bureau of Prisons already reduces sentences by up to 15 per cent for inmates who do not violate prison policies and procedures. Defendant's compliance with prison rules does not lessen the Court's concerns expressed at the original sentencing hearing, i.e. defendant's possession of multiple firearms in connection with his drug trafficking conspiracy, his use and supervision of others in carrying out the conspiracy, his efforts to persuade a coconspirator's testimony, and his lack of acceptance of responsibility. In light of the factors set forth in Section 3553(a) and reasons set forth at the original sentencing on July 28, 2009, the Court sentences defendant to 236 months in prison (the middle of the amended guideline range of 210 to 262 months).

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #338) filed February 11, 2015, which the Court construes as a pro se motion to reduce sentence under Guideline Amendment 782 and 18 U.S.C. § 3582(c)(2) be and hereby is **SUSTAINED in part**. **The Court reduces defendant's sentence from 300 months in prison to 236 months in prison. All other**

**terms and conditions of defendant's original sentence shall remain in effect.**

Dated this 16th day of June, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge